## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

ANTHONY TRUPIA,          )
                                   )

      Plaintiff,          )
                                   )

v.                       )       Case No. CIV-25-621
                                   )

JOHN ROBERTS et al.,     )
                                   )

      Defendants.       )
                                   )

## DEFENDANT MILES PRINGLE'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND BRIEF IN SUPPORT

Defendant Miles Pringle (Pringle) individually and Pringle "on behalf of the members of the State Bar Association"[1], by and through Oklahoma Bar Association Assistant General Counsel Katherine Ogden, pursuant to Fed. R. Civ. P. 12(b)(6), respectfully move this Court to grant judgment in its favor and dismiss with prejudice the Plaintiffs' Complaint against him on the grounds that it fails to state a claim upon which relief can be granted and Plaintiff lacks standing to bring this suit. Further, Pringle is improperly named as President of the Oklahoma Bar Association and is not qualified or situated to represent the undefined class of its' members. Additionally, Plaintiff failed to show that the "members of the State Bar Association" may properly be joined as a defendant class per Fed. R. Civ. P. 23.

---

[1] Pringle is not President of the Oklahoma Bar Association and otherwise not authorized to represent an undefined "class" of "members of the State Bar Association" in any capacity in this or any other suit.

1

Defendant Pringle's Motion is supported by the following brief:

## **STATEMENT OF THE CASE**

Defendant Pringle is a duly licensed lawyer in the State of Oklahoma. Plaintiff improperly alleges that he is the President of the Oklahoma Bar Association. Plaintiff alleges that members of the "Legal Class"[2] conduct business in a way that amounts to a "deliberate and purposeful chilling and deprivation of the civil rights of all normal American citizens." [Doc. 1, p. 2 and 33]. The next several pages of Plaintiff's Complaint set forth his research into the pleading code and his opinions on the use of same. Namely, Plaintiff expresses his frustration that his filings in other legal matters are dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff goes on to promote his views on the use of general motion practice, e-filing, and leniency afforded to *pro se* parties. Finally, on page 29 of his Complaint, Plaintiff alleges that members of the "Legal Class" act as a "gatekeeper" on the legal system, thereby depriving him of "meaningful court access and any access to a civil jury trial." [Doc. 1, p. 29]. Plaintiff does not allege that Defendant Pringle performed any act that harmed Plaintiff in his 55-page Complaint. Plaintiff falsely asserts that Defendant Pringle is capable of representing all "members of the State Bar Association." He is not. The undersigned can discern no facts or legal theory entitling Plaintiff to relief against Defendant Pringle or "members of the State Bar Association" in general.

---

[2] Plaintiff names the "state bar" and Pringle as members of the "Legal Class."

For the remainder of the Complaint, Plaintiff informs this Court of his position on the merits of the rules and procedures of the court system. As relief, Plaintiff requests Defendant Pringle (or otherwise all "members of the State Bar Association") to perform an overhaul of the legal system, with changes to the Federal Rules of Civil Procedure, the United States Code, the Rules of Professional Responsibility and other established legal precedents. Even if this Court saw it proper to certify all lawyers in Oklahoma as a "class" per Fed. R. Civ. P. 32 (and Defendant Pringle as representative of same), lawyers cannot change precedent of the United States Supreme Court, fail to disregard or follow the Rules of this and other Courts, modify the Federal Rules of Civil Procedure, change the judicial code or the Rules of Professional Responsibility, make e-filing available to litigants or "provide meaningful court access" to all litigants. Plainly speaking, Plaintiff's claims cannot be redressed by this Court.

The Complaint does not contain a "short and plain statement of the grounds" for the Court's jurisdiction over Defendant Pringle or the entire membership of the Oklahoma Bar Association. Plaintiff further fails to posit a "short and plain statement of claim" showing that he is entitled to relief as required by Fed. R. Civ. P. Rule 8(a). Similarly, Plaintiff failed to allege facts showing Defendant Pringle specifically and "members of the State Bar Association" generally, violated the Constitution, laws or treaties of the United States, which would invoke the jurisdiction of this Court. Dismissal is proper.

**<u>STANDARD OF REVIEW</u>**

A dismissal for failure to state a claim under Fed. R. Civ. P. Rule 12(b)(6) is appropriate when it is apparent that a plaintiff can prove no set of facts that would entitle him to relief. *Ledbetter v. City of Topeka*, 318 F.3d 1186, 1187 (10th Cir. 2003). When evaluating a Fed. R. Civ. P. Rule 12(b)(6) motion to dismiss, the Court must accept as true all factual allegations in the complaint and construe those facts in a light most favorable to the plaintiff, resolving all reasonable inferences in the plaintiff's favor. *Arnold v. McClain*, 926 F.2d 963, 965 (10th Cir. 1991).

To resolve a Fed. R. Civ. P. Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Under this standard, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). The factual allegations must be enough that, if assumed to be true, the plaintiff plausibly, not merely speculatively, has a claim for relief. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008). If it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief, then dismissal is required. *Tonkovich v. Kansas Bd. of Regents,* 254 F.3d 941 (10th Cir. 2001).

4

Plaintiff claims that the Rules, structure and practice of the court systems act to deprive him of constitutionally guaranteed rights. Defendant Pringle and "members of the State Bar Association" generally are not responsible for the creation of the Rules and Procedures of the courts and certainly do not have the authority to effect the changes Plaintiff requested for relief. Plaintiff has not tied any specific action of Defendant Pringle to an allegation in the Complaint; therefore, Plaintiff clearly failed to state a claim for which relief may be granted.

## **BRIEF IN SUPPORT**

This Court should dismiss Defendant Pringle from this matter as Plaintiff failed to state a claim pursuant to a cognizable legal theory that would entitle him to relief as Fed. R. Civ. P. Rule 8(a) requires and Plaintiff lacks standing to bring this claim. Further, the members of the State Bar Association are not a "class" per Rule 23 of the Federal Rules of Civil Procedure.

## **PROPOSITION I: PLAINTIFF FAILED TO COMPLY WITH RULE 8 OF THE FEDERAL RULE OF CIVIL PROCEDURE**

Although Plaintiff appears *pro se,* he is required to adhere to the same rules of procedure as any other litigant. *Green v. Dorrell,* 969 F.2d 915, 917 (10th Cir. 1992). A required minimal standard is providing defendants with notice of the allegations against them as set forth in Fed. R. Civ. P. Rule 8(a). The Rule requires notice in the form of: "(1) a short and plain statement of the grounds for the court's jurisdiction…, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought, which may include relief

in the alternative or different types of relief." Fed. R. Civ. P. 8(a).  A plaintiff is required to state its claims intelligibly so as to inform the defendants of the legal claims being asserted.  *Mann v. Boatright,* 477 F.3d 1140, 1148 (10th Cir. 2007). Failure to comply with Fed. R. Civ. P. Rule 8 is sufficient reason to dismiss a complaint. *Mann* at 1148, citing *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378-79 (7th Cir. 2003). Plaintiff is required to do more than merely state a conclusion when raising a constitutional claim. *Blinder, Robinson, Co. v. U.S.S.E.C.,* 748 F.2d 1415, 1419 (10th Cir. 1984), citing *Butz v. Economou*, 438 U.S. 478, 495, 98 S.Ct. 2894 (1978). A complaint must clearly state what each defendant did to violate a plaintiff's civil rights. *See Bennett v. Passic,* 545 F.2d 1260, 1262-63(10th Cir. 1976). Meaning, a complaint must, "make clear exactly *who* is alleged to have done *what* to *whom*." *Stone v. Albert*, 338 F. App'x 757, 759 (10th Cir. 2009) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008).

Plaintiff has not made a short and plain statement of a claim showing that he is entitled to relief as against Defendant Pringle, or generally the "members of the State Bar Association," nor has Plaintiff demanded relief against Defendant Pringle pursuant to any cognizable legal theory. Plaintiff's allegations consist of mostly conclusory statements, fail to connect relevant facts to legal claims, and fail to provide enough specificity to give Defendant Pringle adequate notice of the claims against him. *See Rueb v. Zavaras,* 371 Fed.App'x 982, 986 (10th Cir. 2010). As Plaintiff has wholly failed to comply with Fed. R. Civ. P. Rule 8, dismissal

pursuant to Fed. R. Civ. P. Rule 12(b)(6) is proper.

## PROPOSITION II: PLAINTIFF LACKS STANDING IN HIS CLAIMS AGAINST DEFENDANT PRINGLE AND GENERALLY MEMBERS OF THE OKLAHOMA BAR ASSOCIATION

Article III of the Constitution limits the jurisdiction of federal courts to cases and controversies. U.S. Const. art. III, §2, cl. 1; *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.,* 454 U.S. 464, 471 (1982). This "case or controversy" requirement dictates that litigants must have standing in order to establish jurisdiction. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 559-61 (1992). The plaintiff bears the burden of establishing the elements of standing. *Lujan*, 504 U.S. at 559-61. When reviewing the allegations, the court must accept all well-pleaded facts as true and construe all reasonable allegations in the light most favorable to the plaintiff. *United States v. Colo. Supreme Court*, 87 F.3d 1161 (10th Cir. 1996), citing *Warth v. Seldin*, 422 U.S. 490. 501 (1975). A district court must dismiss a claim if a litigant lacks standing to bring same.

Plaintiff lacks standing in his claims against Defendant Pringle. A plaintiff has standing "when (1) she has suffered an injury in fact, (2) there is a causal connection between the injury and the conduct complained of, and (3) it is likely that the injury will be redressed by a favorable decision." *Lujan* 504 U.S. at 559-561. The injury must be an "invasion of a legally protected interest that is concrete, particularized, and actual or imminent, not conjectural or hypothetical." *Id. Lujan* also requires this injury to be "fairly traceable" to the challenged action of the defendant, and not the result of the independent action of a third party not before

the court. *Lujan* 504 U.S. at 560, citing *Simon v. Easter Ky. Welfare Rights Organization*, 426 U.S. 26, 41-42 (1976).

Accepting Plaintiff's allegations as true, he claims injury to himself and his constitutional rights by lawyers following the law in the cases he has filed in the state and federal legal systems. Plaintiff's claims harm in that his past cases were dismissed by legal and procedural bars established by the legislature, the courts and legal precedent. He faults legal practitioners generally for his failure to see a claim go to a jury trial, something that Plaintiff clearly believes that his legal matters are entitled. Plaintiff fails to recognize that the law and Rules of Procedure, as written, has barred recovery in Plaintiff's cases – or caused Plaintiff "harm". Plaintiff fails to establish a causal connection between his injuries and the actions or inactions of Defendant Pringle and generally "members of the State Bar Association." Therefore, Plaintiff's alleged injuries cannot be characterized as "fairly traceable" to Defendant Pringle.

Standing also requires a substantial likelihood that Plaintiff's claims be able to be redressed by a favorable decision by this Court. *Utah v. Babbitt,* 137 F.3d 1193 (10th Cir. 1998). As mentioned above, neither Defendant Pringle nor generally the "members of the State Bar Association" have the authority to change the Rules and Procedures of this court or precedent of the United States Supreme Court. Defendant Pringle is the improper person to order to direct such change. To redress his injuries, the legislature and the judiciary would need to overhaul the legal system. Because Plaintiff's alleged injuries are not fairly traceable to

Defendant Pringle and his injuries are not likely to be favorable redressed by this

Court, Plaintiff is unable to establish standing and his claims must be dismissed.

## PROPOSITION III: PLAINTIFF HAS FAILED TO MEET THE REQUIREMENTS OF FED. R. CIV. P. 23 AS TO CERTIFICATION OF MEMBERS OF THE OKLAHOMA BAR ASSOCIATION AS A CLASS

Plaintiff bears the burden of proving that all the requirements of Fed. R. Civ.

P. 23 are satisfied. Rule 23(a) states that one or more members of a class may be

sued as representative parties on behalf of all members only if:

(1) the class is so numerous that joinder of all members is impracticable;
(2) there are questions of law or fact common to the class;
(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). Plainly, these standards are: (1) numerosity, (2)

commonality, (3) typicality, and (4) adequate representation. After that initial

showing, at least one requirement of Fed. R. Civ. P. 23(b) must be met. When

deciding whether a plaintiff has met their burden, the court "must accept the

substantive allegations of the complaint as true, "but it cannot "blindly rely on

conclusory allegations which parrot Rule 23." *Shook v. El Paso Cty.,* 386 F.3d 963,

968 (10th Cir. 2004) (quoting *J.B. ex rel. Hart v*. Valdez, 186 F.3d 1280, 1290, n.7

(10th Cir. 1999). Plaintiff has not set forth any elements of numerosity,

commonality, or typicality or shown that Defendant Pringle is adequate

representation for "members of the State Bar Association." Plaintiff has not

attempted to certify or otherwise show compliance with this Rule. Plaintiff's attempt

to bring a class action claim against "members of the State Bar Association" must fail.

## CONCLUSION

Plaintiff's claims require dismissal pursuant to Fed. R. Civ. P. 12(b)(6) as Plaintiff has failed to comply with Fed. R. Civ. P. 8, Plaintiff lacks standing and Plaintiff failed to properly certify Defendant Pringle and / or generally the "members of the State Bar Association" as a class.

WHEREFORE, based upon the above argument and authority, Defendant Pringle individually and Defendant Pringle "on behalf of the members of the State Bar Associations" respectfully request this Court to dismiss Plaintiffs' claims against him with prejudice.

s/ KATHERINE M. OGDEN
Katherine M. Ogden, OBA No. 22668
Assistant General Counsel
Oklahoma Bar Association
1901 N. Lincoln Blvd.
P.O. Box 53036
Oklahoma City, Oklahoma 73152
Telephone:  405.416.7007
Facsimile:  405.416.7003

ATTORNEY FOR DEFENDANT
MILES PRINGLE INDIVIDUALLY
AND ON BEHALF OF THE
"MEMBERS OF THE STATE BAR
ASSOCIATION"

## CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2025, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

William H. Hoch III, OBA #15788
Miguel A. Figueroa, OBA #35107

COUNSEL FOR THE AMERICAN BAR ASSOCIATION AND WILLIAM R. BAY

I hereby certify that on July 28, 2025, I served the attached document by regular mail on the following, who is not a registered participant of the ECF System:

ANTHONY TRUPIA
Plaintiff Pro Se
605 SE 21st Street
Oklahoma City, OK 73129

Plaintiff, *pro se*

s/ KATHERINE M. OGDEN
Katherine M. Ogden