FILED

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

AUG 29 2025

JOAN KANE, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____, DEPUTY

ANTHONY TRUPIA,

Plaintiff,

v.

JOHN ROBERTS, et al.,

Defendants.

Case No. 5:25-cv-00621-HE

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS

**INTRODUCTION**

Plaintiff Anthony Trupia ("Plaintiff"), proceeding pro se, opposes the Motions to Dismiss filed by Defendants American Bar Association ("ABA") and William R. Bay ("Bay") [Doc. 9] and by Defendant Miles Pringle ("Pringle") [Doc. 11], filed July 21 and July 28, 2025, respectively. These motions seek dismissal under Fed. R. Civ. P. 12(b)(2) and 12(b)(6) (ABA/Bay) and under 12(b)(6) with challenges to standing and class certification (Pringle). The Complaint alleges systemic practices by the proposed defendant classes—judges, ABA members, and state bar members (collectively, the "Legal Class")—that deprive average Americans, including Plaintiff, of meaningful court access and 7th Amendment jury trials through restrictive pleading standards, dilatory motions, denial of e-filing to non-attorneys, and gatekeeping preserving a legal monopoly.

As a pro se litigant, Plaintiff's Complaint must be held to less stringent standards, and dismissal is improper unless it appears beyond doubt that no facts support relief. Haines v. Kerner, 404 U.S. 519, 520 (1972) ("We cannot say with assurance that under the allegations of the pro se complaint, which we hold to less stringent standards than formal pleadings drafted by lawyers, it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"); Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("A document filed pro se is 'to be liberally construed,'... and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"). Hall v. Bellmon 935 F.2d 1106, 19 Fed. R. Serv. 3d 1217, 1991 U.S.

App. LEXIS 11054 ("[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury"). The Complaint provides notice of plausible claims under 42 U.S.C. §§ 1983, 1985, 15 U.S.C. § 2, and common law, with detailed allegations. Plaintiff seeks leave to amend to name D. Kenyon "Ken" Williams, current OBA President since January 19, 2025, correcting a good-faith error in naming Pringle, with relation back under Rule 15(c)(1)(C). Jurisdiction, standing, and class certification hold. Dismissal validates the inaccessibility alleged, urging reform. The Motions should be denied.

## ARGUMENT

### I. PRO SE LENIENCY APPLIES

The pro se Complaint warrants lenient review. Haines, 404 U.S. at 520; Erickson, 551 U.S. at 94. Its length reflects the complexity of researching systemic barriers—pleading rules, e-filing denial, and monopoly practices—providing fair notice of the claims.

### II. OPPOSITION TO ABA/BAY MOTION [DOC. 9]

#### A. Personal Jurisdiction Over ABA and Bay (Fed. R. Civ. P. 12(b)(2))

ABA and Bay claim no Oklahoma contacts, asserting no offices or employees, but jurisdiction arises from the ABA's nationwide role. "A strong 'relationship among the defendant, the forum, and the litigation' is the essential foundation of specific jurisdiction." Mallory v. Norfolk Southern Railway Co., 600 U.S. 122, 140 (2023). The ABA's model rules and accreditation, adopted in Oklahoma, relate to the alleged barriers. Ford Motor Co. v. Montana Eighth Judicial Dist. Court, 592 U.S. 351, 365 (2021) ("A corporation that operates in many places can scarcely be deemed at home in all of them."). This constitutes purposeful availment. Dudnikov v. Chalk & Vermilion Fine Arts, Inc., 514 F.3d 1063, 1071 (10th Cir. 2008) ("The 'minimum contacts' standard requires... that the out-of-state defendant must have 'purposefully directed' its activities at residents of the forum state."). The ABA's pervasive influence in licensing and bar rules implies consent. Mallory, 600 U.S. at 134 ("[C]onsent via registration satisfies due process."). Bay, as President, represents this class, and no undue burden exists given the ABA's federal litigation experience.

### B. Claims Are Stated (Fed. R. Civ. P. 12(b)(6))

The ABA denies roles in FRCP or licensing, but the Complaint alleges gatekeeping "by upholding restrictive FRCP rules, denying e-file to non-attorneys, and shielding attorneys from discipline." Compl. ¶ 74. This states plausible claims under §§ 1983/1985 and antitrust. "Local governing bodies... can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where... the action that is alleged to be unconstitutional implements or executes a policy statement... officially adopted." Monell v. Department of Social Services, 436 U.S. 658, 690 (1978). Bars act under color of law via delegated authority. "The nature of an occupation... does not provide sanctuary from the Sherman Act... nor is the public-service aspect... an excuse for anticompetitive conduct by lawyers." Goldfarb v. Virginia State Bar, 421 U.S. 773, 787 (1975). Pattern-or-practice suffices. International Brotherhood of Teamsters v. United States, 431 U.S. 324, 336 (1977) ("Proof of such a pattern or practice... supported an inference that any particular employment decision... was made in pursuit of that policy."). Millard v. Camper, 971 F.3d 1174, 1183 (10th Cir. 2020) (municipal-like liability requires policy, attribution, causation). The Complaint ties harms to ABA policies, giving notice.

### III. OPPOSITION TO PRINGLE MOTION [DOC. 11]

### A. Claims and Rule 8(a) Compliance (Fed. R. Civ. P. 12(b)(6))

Pringle claims no facts/theory for relief and no short/plain statement. The Complaint details "gatekeeping depriving meaningful court access." Compl. ¶ 29. "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the... claim is and the grounds upon which it rests.'" Erickson, 551 U.S. at 94. Inferential allegations support §§ 1983/1985 and antitrust claims. As supra, bars qualify under Monell/Goldfarb. Jurisdiction (28 U.S.C. §§ 1331, 1367), claims, and relief (injunctions/damages) are stated. Christopher v. Harbury, 536 U.S. 403, 416 (2002) ("Like any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant.").

### B. Plaintiff Has Standing

Injuries (denied access/jury trials) are traceable to bar practices and redressable by injunctions. "A plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." Federal Election Commission v. Akins, 524 U.S. 11, 20 (1998). Access is a constitutional right. "It is now established beyond doubt that prisoners have a constitutional right of access to the courts... [T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers." Bounds v. Smith, 430 U.S. 817, 821, 828 (1977). Extending to civil contexts, injunctions for e-filing equity and rule changes redress this. "The right that Bounds acknowledged was the (already well-established) right of access to the courts... The tools it requires to be provided are those that the inmates need... to challenge the conditions of their confinement." Lewis v. Casey, 518 U.S. 343, 349, 355 (1996). Nominal damages suffice. "Because 'every violation [of a right] imports damage,'... nominal damages provide the necessary redress for a completed violation of a legal right." Uzuegbunam v. Preczewski, 592 U.S. 279, 289 (2021). The Complaint identifies nonfrivolous claims. Christopher, 536 U.S. at 414 ("[E]ven in forward-looking prisoner class actions to remove roadblocks... the named plaintiff must identify a 'nonfrivolous,' 'arguable' underlying claim."). This is traceable to bars' policies. Goldfarb, 421 U.S. at 787. Standing exists.

**C. The Defendant Classes Are Proper Under Fed. R. Civ. P. 23**

Pringle challenges his naming, asserting he's not OBA President. Plaintiff seeks leave to amend, naming D. Kenyon "Ken" Williams, sworn in January 19, 2025, with relation back (Rule 15(c)(1)(C)) as he knew via Pringle's motion. The good-faith error in naming Pringle, a former leader, stemmed from pro se research limits; his bar role supported initial notice. Williams' presidency qualifies him. Plaintiff requests preliminary class certification, subject to court review post-amendment. Rule 23(a):

Numerosity: Thousands of members.

Commonality: Uniform gatekeeping policies.

Typicality: Systemic defenses typical.

Adequacy: Representatives protect interests.

DG ex rel. Stricklin v. Devaughn, 594 F.3d 1188, 1194 (10th Cir. 2010) ("Rule 23(a) states that one or more members... may be sued as representative parties... if: (1) the class is so numerous...; (2) there are questions... common...; (3) the claims or defenses... are typical...; (4) the representative parties will fairly... protect..."). Analogous to systemic policy suits, common questions predominate. "Properly construed the purpose of the suit was not to achieve specific... rights... It was directed at the system-wide policy." Potts v. Flax, 313 F.2d 284, 289 (5th Cir. 1963). "The propriety of defendant class actions has been recognized... The suit... is therefore not improper per se." Marcera v. Chinlund, 595 F.2d 1231, 1238 (2d Cir. 1979). Rule 23(b)(2) applies for injunctive relief. Certification is sought as a preliminary matter.

## CONCLUSION

The Motions seek technical dismissal, underscoring the inaccessibility alleged. Denial allows merits review, promoting reform. Scholars theorize that Twombly/Iqbal's plausibility standard bypasses the Rules Enabling Act, abridging rights. Edwin W. Stockmeyer notes it displaces lenient state rules: "Stability in the law allows individuals to plan their affairs." Stephen B. Burbank calls for override: "Congress may have accorded notice pleading... when enacting statutes with pro-plaintiff provisions." Shira A. Scheindlin cites dismissals rising from 46% to 56%. Fabio Arcila Jr. warns: "In a society... the distribution of litigating power is vital." Jennifer M. Auger extends this to defenses. This suit, potentially the first direct challenge, reflects the pro se struggle to access justice, a barrier scholars discuss but none litigate, demanding ethical scrutiny.

## PRAYER FOR RELIEF

Plaintiff prays the Court deny both motions, grant leave to amend, request preliminary class certification subject to further review, provide other relief, and hold oral argument to clarify pro se issues.

/s/ Anthony Trupia

Anthony Trupia

605 SE 21st St.

Oklahoma City, OK 73129

516-984-0142

Trupiaar@gmail.com

Pro Se

Date: August 28th, 2025