IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |  |
|---|---|---|
| ANTHONY TRUPIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | NO. CIV-25-0621-HE |
| | ) | |
| JOHN ROBERTS, on behalf of himself | ) | |
| and the Judges and Justices of the Federal | ) | |
| Courts, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

In this case, plaintiff Anthony Trupia, proceeding *pro se*, challenges various aspects of the United States legal system. He purports to assert class action claims against all federal judges and all lawyers, and has named as representative defendants Chief Justice John Roberts and the current leaders of the American Bar Association and the Oklahoma Bar Association. In general, he contends the "legal class" has acted to prevent people like him from having meaningful access to the courts. More specifically, he contends that Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) was wrongly decided, that it's plausibility standard for pleading sufficiency unreasonably restricts access to the courts, and that motions to dismiss are overused or abused as a result. He also objects to current standards for the removal of cases from state to federal court, with particular concern for the removability of cases arising under the Telephone Consumer Protection Act, 47 U.S.C.

§227.[1]  Based on these and other considerations, the complaint purports to state multiple claims all directed to vindicating what Mr. Trupia sees as violation of his rights under the 7th Amendment to the U.S. Constitution.

The presidents of the ABA and the OBA have moved to dismiss on various jurisdictional or substantive grounds.  The court concludes the motions should be granted and this case dismissed in its entirety.[2]

Whether Twombly was correctly decided has, obviously, been resolved by the Supreme Court in that case.  Further, issues such as whether motions to dismiss were properly granted in a particular case or whether particular cases are properly removable are ones to be resolved in those cases, not via some free-floating attack on legal procedures generally in a separate case, even one purportedly brought as a class action.  If plaintiff objects to the disposition of particular cases, his remedy is to appeal the disposition in the particular case.

The court concludes the complaint here fails to state a claim.  The moving defendants' motions to dismiss [Doc. Nos. 9 & 11] are **GRANTED** and this case is **DISMISSED** in its entirety.  Plaintiff's motion to amend his complaint to substitute the current OBA president [Doc. # 15] is **STRICKEN** as **MOOT**.

---

[1] Plaintiff has filed other cases in this court under the Act: Trupia v. Bob Moore Enterprises, L.L.C., CIV-25-568-HE, and Trupia v. Heritage Hard Assets, LLC, CIV-24-498-J.  The cases have been dismissed on various grounds.

[2] Although Chief Justice John Roberts has not yet entered an appearance, the court "may dismiss sua sponte when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him the opportunity to amend his complaint would be futile."  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (quotation marks and citation omitted).

**IT IS SO ORDERED**.

Dated this 30th day of September, 2025.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

3